Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

for the

### DISTRICT OF HAWAII

SEP 21 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. MARC SHIROMA                    Docket No.  CR 02-00492HG-01 and
                                                       CR 99-00336HG-01

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW MERILEE N. LAU, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Marc Shiroma who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 21st day of April, 2003, who fixed the period of supervision at 3 years as to Criminal Nos. CR 02-00492HG-01 and as to CR 99-00336HG-01 fixed the period of supervision at 2 years, all such terms to be served concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

As to Criminal No. CR 02-00492HG-01:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. The defendant shall cooperate in the collection of DNA as directed by the Probation Office.

6. That restitution of $9.79 is due immediately to the Hawaii National Bank, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.



Prob 12C
(Rev. 1/06 D/HI)

2

<u>As to Criminal No. CR 99-00336HG-01</u>:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant is prohibited from possessing any illegal or dangerous weapons.

On 7/5/2006, during a further hearing on order to show cause why supervised release should not be revoked, the Court ordered that the defendant be placed into the Sand Island Treatment Center's residential program, where he shall remain until clinically discharged.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the petition for Request for Course of Action filed on 4/19/2006 be amended to include the following additional charge:

2. That the offender failed to participate in a substance abuse program, in violation of Special Condition No. 1, specifically the order imposed by the Court on 7/5/2006 requiring the offender to remain at the Sand Island Treatment Center's residential program until clinically discharged.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action filed on 4/19/2006 be amended to include the above-noted additional violation and that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Request for Course of Action filed on 4/19/2006 be amended to include the above-noted additional violation and that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    9/21/2006

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action filed on 4/19/2006 be amended to include the above-noted additional violation and that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 21st day of September, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re: **SHIROMA, Marc**
   **Criminal Nos. CR 02-00492HG-01 and CR 99-00336HG-01**
   **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

**Violation No. 2 - Failure to Participate in Substance Abuse Program and Failure to Remain at the Sand Island Treatment Center Until Clinically Discharged:**

As Your Honor may recall, the offender appeared in Court on 7/5/2006 on a further hearing on order to show cause why supervised release should not be revoked. Federal Public Defender Peter C. Wolff, Jr., advised the Court that the offender was accepted into the Sand Island Treatment Center. The Court then ordered that the offender be placed at the Sand Island Treatment Center's residential program, where he shall remain until clinically discharged. A further hearing on order to show cause why supervised release should not be revoked was set for 1/22/2007.

The offender entered the Sand Island Treatment Center on 7/6/2006. On 9/20/2006, we were notified by Kevin Konishi of Sand Island that the offender ran from Sand Island staff while he was being escorted to the Social Security Office. The offender was subsequently terminated from the program.

Based on the offender's criminal and extensive mental history, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
MERILEE N. LAU
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

MNL/pts

Re: **SHIROMA, Marc**
**Criminal Nos. CR 02-00492HG-01 and CR 99-00336HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.